UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11293-RWZ

D. RICHARD SCIACCA

v.

OLYMPIA HOTEL MANAGEMENT

ORDER

October 29, 2010

ZOBEL, D.J.

Plaintiff Richard Sciacca sues his former employer Olympia Hotel Management-Methuen, LLC ("Olympia") for firing him in retaliation for filing an age discrimination complaint with the Massachusetts Commission Against Discrimination ("MCAD"), in violation of Mass. Gen. Laws ch. 151B, § 4.[1]  Defendant moves for summary judgment.

## I.    Background

Plaintiff was hired by The Guesthouse Suites ("Guesthouse") in 2005 as the night auditor, a position which required him to assist hotel guests from 11:00 p.m. to 7:00 a.m.  In September 2006 he asked Alfred Pappalardo, the owner and then general manager of the Guesthouse, if he could be reclassified as an independent contractor, rather than an employee, and work seven days a week, so as to earn more money and delay paying taxes.  Pappalardo agreed.

---

[1]Plaintiff incorrectly names Olympia Hotel Management as defendant.  The two Olympia companies are closely related entities, with one responsible for hotel management and the other the employer of employees under Olympia management. This opinion refers to the two companies interchangeably as "Olympia."

Pappalardo hired Olympia in October 2006 to manage the Guesthouse and become the employer of record for Guesthouse employees.  Olympia hired Karla Lyon as the general manager.  In response to plaintiff's request to continue as an independent contractor, the company determined that it was inappropriate to so classify him and began compensating him as an employee in November 2006.  Ms. Lyon also asked him to train another employee, Annoggus Fisher, to serve as a relief night auditor effective January 1, 2007.  Lyon and plaintiff had a difficult working relationship, including various workplace related disputes over plaintiff's workplace attire, consent to Olympia required background checks, and his general resistance to her orders and requests.

Plaintiff became concerned that his hours or pay would be reduced in 2007 and he asked for written confirmation that he would continue to work 40 hours per week at $14 per hour.  An Olympia executive agreed to maintain his pay rate at $14 but declined to commit to a 40-hour week.  Plaintiff subsequently learned that he was scheduled for only 32 hours of work in the first week of 2007.

On December 20, 2006, plaintiff filed a complaint for non-payment of wages with the Massachusetts Office of the Attorney General.  The Attorney General did not pursue the complaint.  On January 5, 2007, plaintiff filed complaints with both the MCAD and the United States Equal Employment Opportunity Commission ("EEOC"), alleging that his hours were reduced from 56 to 32 because of his age.  The MCAD and the EEOC dismissed the complaints for lack of probable cause.

Then there was the matter of Edward Orlando, a long-term guest at the

Guesthouse, who had assisted plaintiff in drafting the MCAD complaint.  The two men had a falling-out and plaintiff left two incriminating voicemail messages on Orlando's phone in early April 2007.  While no transcript of the messages exists, plaintiff admits that he made the calls and that he threatened Orlando with legal action, but he can no longer recall what else, if anything, he may have said or what tone of voice he used. (Dep. of D. Richard Sciacca 155-58, Docket # 13 Ex. A.)  Pappalardo, Lyon, and Olympia's president Daniel Flaherty all listened to the voicemails plaintiff left for Orlando.  All three described the voicemails as angry and threatening.  (Dep. of Alfred Joseph Pappalardo 34, Docket # 13 Ex. B; Aff. of Karla Lyon ¶ 9, Docket # 16; Aff. of Daniel J. Flaherty ¶ 6, Docket # 14.)  Pappalardo recalled plaintiff threatening Orlando's life.  (Dep. of Alfred Joseph Pappalardo 34-35.)  Orlando also wrote a letter to Olympia in which he expressed concern over the voicemails and informed the company that plaintiff was threatening to harm Pappalardo.  (Dep. of D. Richard Sciacca Ex. 19.)  Plaintiff does not dispute the authenticity of this letter.

Flaherty and Olympia's director of human resources Alison Briggs initially suspended plaintiff while they conducted an investigation, which included notifying the local police.  Flaherty spoke with plaintiff, and ultimately decided, in consultation with Briggs, to terminate plaintiff's employment.

Plaintiff filed a complaint with the MCAD on October 17, 2007, alleging that he was fired in retaliation for his earlier age-discrimination MCAD complaint.  The MCAD investigator inferred a retaliatory motive because plaintiff's termination occurred "approximately 3.5 months after he filed his complaint," found that there was a dispute

as to whether Olympia had reason to believe plaintiff was a threat to workplace safety,

and issued a probable cause finding.  (MCAD Finding of Split Decision 5, Docket # 6 at

28.)  Plaintiff then filed this lawsuit in Superior Court on July 1, 2009, and defendant

removed on the basis of diversity jurisdiction.

## II.      Analysis

Summary judgment will be rendered if there is no genuine issue as to any

material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ.

P. 56.  The burden is on the party opposing a motion for summary judgment to set out

specific facts showing a genuine issue.  Id.  "Where the record taken as a whole could

not lead a rational trier of fact to find for the non-moving party, there is no genuine

issue for trial."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp. 475 U.S. 574, 587

(1986) (internal quotation marks omitted).

Where, as here, there is no direct evidence of retaliation, plaintiff's ch. 151B

claim is evaluated under a three-stage burden shifting formula.  Mole v. Univ. of Mass.,

814 N.E.2d 329, 338 (Mass. 2004).  First, plaintiff must establish the elements of a

prima facie case: "[1] he engaged in protected conduct; [2] that he suffered some

adverse action; [3] and that a causal connection existed between the protected conduct

and the adverse action."  Id. at 338-39 (internal quotation marks omitted).  Second, the

defendant must articulate a non-retaliatory reason for the adverse employment action.

Id. at 338.  Third, plaintiff must prove the articulated reason is a pretext.  Id.

It is undisputed that plaintiff has established the first two elements of the prima

facie case.  He filed a complaint with the MCAD and his employment with Olympia was

terminated.  It is a close question whether the temporal proximity of his MCAD complaint to his termination is sufficient evidence to infer the third element of the prima facie case, causation.  Regardless, plaintiff cannot prove Olympia's articulated reason for the firing, his improper conduct including the Orlando voicemails and threats concerning Pappalardo, is mere pretext.  His allegations that the voicemails were not threatening, Lyon fabricated evidence, and defendants were concerned about engaging in retaliatory conduct are either not supported by the evidence or cut against his claim.

Pappalardo, Lyon, and Flaherty all described the voicemails as angry and threatening, and Pappalardo recalled plaintiff threatening Orlando's life.  Plaintiff's deposition testimony does not contradict these descriptions; he admitted that he threatened legal action but cannot otherwise recall the content of the messages. Orlando's letter provided further basis to believe that plaintiff engaged in threatening conduct.

Plaintiff disputes the authenticity of a December 2006 letter in which an Olympia employee stated the plaintiff's wife made threats against Lyon.  This letter is wholly irrelevant as it predates plaintiff's MCAD complaints, and therefore cannot be evidence of retaliatory motive.

He also points to an incident in January 2007 when Lyon told Orlando he would have to move out of the hotel after she learned that he had assisted plaintiff in drafting the MCAD complaint.  After Briggs, the human resources director, learned of this action, she ordered Lyon to apologize to Orlando and tell him he could stay because "Richard [Sciacca] may claim retaliation and it would be best to focus on Richard's job

performance and not other matters." (Communication Log, Docket # 20 at 4; Aff. of

Karla Lyon ¶ 8.)   The reasonable inference from these facts is that Olympia

management, which ultimately made the decision to terminate plaintiff, was taking

deliberate steps to avoid retaliatory conduct, not engaging in retaliation.


**III.    Conclusion**

      Defendant's motion for summary judgment (Docket # 10) is ALLOWED.

Plaintiff's motion to strike (Docket # 19) is DENIED AS MOOT.   None of the challenged

statements underpin this order.


    October 29, 2010                          /s/Rya W. Zobel
           DATE                              RYA W. ZOBEL
                                 UNITED STATES DISTRICT JUDGE